IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JIM VARNER, INDIVIDUALLY AND AS ADMINISTRATOR
OF THE ESTATE OF ESTHER VARNER, DECEASED,
AND ON BEHALF OF ALL HEIRS AND WRONGFUL
DEATH BENEFICIARIES                                                                          PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:09CV50-B-A

FIVE STAR QUALITY CARE-MS, LLC,
FIVE STAR QUALITY CARE, INC.,
HERMITAGE GARDENS OF OXFORD,
FIVE STAR QUALITY CARE TRUST,
HERMITAGE GARDENS, A CALIFORNIA
CORPORATION, LES BRECKENRIDGE,
AND DOE DEFENDANTS A - Z                                                                   DEFENDANTS

## **ORDER**

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion is not well taken and shall be denied.

This nursing home malpractice action was removed to this court by defendant Five Star Quality Care, Inc., and two other defendants on May 13, 2009. The plaintiff moves to remand on the ground of defective removal asserting that not all of the defendants joined in the removal within thirty days of service upon the first-served defendant. The defendants assert, inter alia, that Five Star Quality Care, Inc., was not properly served with process on April 13, 2009, as alleged by the plaintiff, because the plaintiff served a temporary receptionist who was not authorized to accept service of process on behalf of the corporate defendant, thereby rendering the attempted service of process legally "insufficient and defective." The defendants further assert that the first properly served defendants were served on May 11, 2009, and that the served

defendants Five Star Quality Care, Inc., Five Star Quality Care-MS, LLC, and Five Star Quality Care Trust jointly filed their notice of removal two days later on May 13, 2009.

Title 28 U.S.C. § 1446 provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The first-served defendant and all then-served defendants must join in the notice of removal within thirty days of service upon the first-served defendant. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). The Fifth Circuit has held that "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, LP*, 97 F.3d 100, 106 (5th Cir. 1996).

The court is satisfied by the plaintiff's assertion that Five Star Quality Care, Inc., was properly served on April 13, 2009. Mississippi Rule of Civil Procedure 4(c)(5) provides in pertinent part as follows:

> Service by Certified Mail on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery."

Because defendant Five Star Quality Care, Inc., is not a natural person, restricted delivery was not required, and the April 13, 2009, service was sufficient. The court's recognition of service on this date is of no detriment to the defendants, however, because all three Five Star entities (the only served defendants) signed off on the notice of removal by and through their attorney of record and said notice was filed on May 13, 2009 – just within the 30-day period. For the

2

foregoing reasons, the court finds that the plaintiff's motion to remand is not well taken and shall be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the plaintiff's motion to remand is **DENIED**.

This, the 31st day of March, 2010.

                                                     */s/ Neal Biggers*  
                                                     **NEAL B. BIGGERS, JR.**  
                                                      **SENIOR U.S. DISTRICT JUDGE**